## ABUKHDEIR v CODE ENFORCEMENT BOARD
### Case No. AP 87-56
Ninth Judicial Circuit, Orange County
June 16, 1988

### APPEARANCES OF COUNSEL
**Joseph Morrell,** for appellant.
**Jean Roush-Burnett,** Assistant City Attorney, for appellee.

### OPINION OF THE COURT

EMERSON R. THOMPSON, JR., Circuit Judge.

ORDERED, that the appeal taken by Appellant is granted, based on the following findings:

1. At the October 13, 1987, Code Enforcement Board hearing found Appellant in violation of the following:

A. Commercial activity prohibited in a residential district;

B. Unlawful conversion to a convenience store; and

C. Change/discontinuation of a non-conforming use.

2. That pursuant to Section 5.05(3) of the City Code, City of

Orlando, the Appellee had the burden of proof, by a preponderance of the evidence, that the violations did exist.

3. That Appellee contended although not supported by evidence that Appellant operated an invalid non-conforming use, i.e., retail sales. Appellee, also, contended that the Appellant did operate a retail sales store but that this use was not the non-conforming use in 1985. Appellee, however, did not provide at the hearing below evidence that would support its contention.

4. Appellant contended that he continued a valid non-conforming use, retail sales. Appellant, also, presented testimony at the hearing below that a prior tenant in the subject premises had operated retail sales less than six months prior to Appellant's operation of retail sales. Appellee only controverted this contention by producing evidence that the electricity at the subject premises had been terminated during the prior tenant's occupancy. However, Appellant rebutted this by having the prior tenant testify that he didn't use any electricity because he was selling non-perishables in the day time. Appellee did not produce any further evidence rebutting this testimony of the former tenant. In addition, Appellant presented a customer of the former tenant who testified that she had purchased non-perishables from said tenant in November of 1986.

5. The Appellant, also, presented testimony that retail sales were being operated by the former tenant in November 1986 and that he obtained his occupational license in January of 1987 which evidence that he was within the six month time period provided for in Section 58.3734 of the City Code of Orlando.

6. Evidence is non-existent or unclear as to whether or not retail sales were grandfathered in or whether or not retail sales constituted an invalid non-conforming use. Consequently, this works to the detriment of Appellee in light of its burden of proof.

7. The Court, is curious, although its curiosity is not determinative of the issues herein, as to why Appellee granted an occupational license, then it sought to revoke the occupational license, and that it considered via its memorandum that Appellant had a valid non-conforming use of retail sales but decided to prosecute Appellant for operating retail sales, consequently.

It is further ORDERED, that the order of the Code Enforcement Board, City of Orlando, Florida, is hereby REVERSED AND REMANDED.

DONE and ORDERED, this 16th day of June, 1988.